**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SATELLITE TRACKING OF PEOPLE, L.L.C. (a/k/a STOP, LLC) AND MICHELLE ENTERPRISES, LLC | § § § § | |
| vs. | § § | CASE NO. 2:08-CV-116-CE |
| PRO TECH MONITORING, INC., OMNILINK SYSTEMS, INC., AND SECUREALERT, INC. | § § § | |

**ORDER**

Pending before the court is the defendants' motion to stay this litigation (Dkt. No. 56). The sole patent-in-suit, U.S. Patent No. RE 39.909, is currently subject to an *ex parte* reexamination proceeding.

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (citations omitted). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

Courts typically consider three things when deciding whether to stay litigation pending reexamination: "(1) whether a stay will unduly prejudice or present a clear tactical advantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662.

The court has considered the above factors and the circumstances of this case, including the lack of a final rejection in the proceeding, the fact that the plaintiff and defendants are competitors,

and the uncertain timeframe in which the reexamination will be completed.  The court does not believe that a stay is appropriate, and thus the defendants' motion to stay is DENIED.

SIGNED this 7th day of January, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE